[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO BE MADE AN ADDITIONAL PARTY
 I
Wendy and Joel Hanson, Donna and Alphonse Suppa and Jennifer Ciarleglio ("The movants") have moved to be made parties in the above-captioned matter, claiming an interest or legal title which judgment in this appeal will affect.
The plaintiff, The Queach Corporation, ("Queach") filed an objection to said motion. A hearing on the motion was held on December 20, 1999, at which the parties appeared and were represented by counsel. The defendant, Planning and Zoning Commission ("The Commission") and intervener, The Connecticut Fund for the Environment, Inc. ("CFE"), appeared in support of said motion.
On or about February 11, 1999, the plaintiff Queach, filed an application for approval of an open space residential development plan ("application").
After public hearing the commission denied said application and CT Page 1786 this appeal followed.
The movants all reside on Piscatello Drive in the town of Branford. They claim their properties abut the land that is the subject of this appeal, that a proposed access road for the plaintiff's project would run through a subdivision, known as Laurel Estates, of which movants' properties are part, and that the granting to the plaintiffs of a special exception permitting said access road would impact movants' legal rights per certain restricted covenants.
The movants claim intervention as of right, or, in the alternative, permissive intervention
The plaintiffs object, arguing that intervention by the movants, either as of right, or permissive, should be denied.
The plaintiffs argue that the instant appeal is with reference to the first step of a two-step process. First, an applicant must obtain a special exception to file an open space ("cluster") subdivision; then, if the special exception is granted, the applicant would be required to file its plan for said subdivision, seeking the commission's approval. Until the second step application is filed, say plaintiffs, there is no basis for a claim that the cluster subdivision might affect the movants.
In ruling on a motion for permissive intervention, the factors a court should consider include timeliness, the proposed intervener's interest in the controversy, the adequacy of representation of such interests by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court, Horton v. Meskill, 187 Conn. 187, 197.
Applying these considerations to the movants, the court finds the said motion is timely, that the movants' interest in the outcome of this appeal is sufficient to warrant granting them intervener status, that, while the defendant commission is well equipped to assert the public interest, neither plaintiff nor CFE, necessarily would protect the movant's private interests; that the prejudice to existing parties that intervention may cause is not apparent; that delay in the proceedings occasioned by granting said motion is minimal; that the court believes the movants' participation as intervenors may be of assistance to the CT Page 1787 court in resolving the controversy before the court.
Accordingly, the court grants the motion to intervene as additional party.
By the Court
Downey, J.